IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00097-CV

 

IN THE
MATTER OF

THE
MARRIAGE OF

 

ANDY LANE McCLURE

AND

GINA DIANE McCLURE

 

AND

In the
Interest of S.N.M., a Child

 

 

 



From the 249th District Court

Somervell County, Texas

Trial Court No. D-04299

 



memorandum Opinion










 

      Andy Lane McClure appeals the trial
court’s division of the community estate on Andy’s divorce from Gina Diane
McClure.  In two issues, Andy contends that the trial court erred in awarding
certain funds to Gina as separate property.  We affirm.

Rebuttal
of Community-Property Presumption

      In Andy’s first issue, he complains in
three sub-issues that Gina did not rebut the community-property presumption.

Uncorroborated Testimony

      In his first sub-issue, Andy argues that
the testimony of Gina and her father was insufficient to rebut the
community-property presumption.  Andy cites one case for the proposition that
the uncorroborated testimony of a spouse is insufficient.  Boyd v. Boyd, 131
S.W.3d 605 (Tex. App.—Fort Worth 2004, no pet.).  Assuming this is so, Boyd
is not on point, since Gina’s testimony was corroborated.

Condition on Gift

      In his second sub-issue, Andy argues that
the funds at issue could not have constituted a gift from Gina’s father to
Gina, because Gina’s father put a condition on the transfer of certain real
property.  Andy’s argument, however, does not address why the funds were not
properly characterized as separate property.  Rather, Andy attempts to impose
on the funds a condition related to the tract of real property on which those
funds were spent by the construction of the house.  He does not argue, however,
that there was any condition on the funds or on what the funds could be spent
for.

Gift Tax Return

      In his third sub-issue, Andy argues that
the trial court could only have considered the testimony of Gina’s father that
he gave Gina the funds as “false as a matter of law,” since Gina’s father did
not produce federal gift tax returns.  Andy cites no authority for this
argument, and thus waives the sub-issue.  See Tex. R. App. P. 38.1(h); Cathey v. Meyer, 115 S.W.3d
644, 656 (Tex. App.—Waco 2003, pet. filed).  In any event, Andy’s argument is
closely related to the estoppel argument that we rejected in Byrd v. Estate
of Nelms.  See Byrd v. Estate of Nelms, 154 S.W.3d 149, 159-60 (Tex.
App.—Waco 2004, pet. filed).

      We overrule Andy’s first issue.

Intent
of Donor’s Spouse

      In Andy’s second issue, he argues that
there was no evidence that Gina’s mother intended that the funds at issue be a
gift to Gina.  Andy cites no authority for this argument, and thus waives the
issue.  See Tex. R. App. P.
38.1(h); Cathey, 115 S.W.3d at 656.  In any event, Andy’s argument is
essentially that Gina’s father committed fraud on the community estate of
Gina’s father and mother, an argument that Andy has no standing to make.  We
overrule Andy’s second issue.

      Having overruled Andy’s issues, we affirm
the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurs in the result without a separate opinion)

Affirmed

Opinion
delivered and filed July 6, 2005

[CV06]